UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL BLACKBURN, JR., and<br>CINDY BLACKBURN,<br><br>        Plaintiffs,<br><br>v.<br><br>WARREN POWER & MACHINERY, L.P.,<br>d/b/a WARREN CAT,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 06-CV-0419-CVE-FHM<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Now before the Court is plaintiffs' Motion for Remand and Brief in Support (Dkt. # 16). Plaintiffs seek to remand this case to state court on the basis that defendants have not established that the amount in controversy exceeds $75,000.

**I.**

Plaintiffs originally filed this action in the District Court of Tulsa County alleging that defendants negligently allowed Carl Blackburn, Jr., a business invitee, to be injured when a hydraulic pump fell on his foot. The complaint establishes that the parties are diverse but, pursuant to Okla. Stat. tit. 12, § 2008,[1] plaintiffs simply pled that they seek damages in excess of $10,000. Defendants sent plaintiffs a request for admission that asked plaintiffs to "[a]dmit that the amount

---

[1] In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

in controversy exceeds the amount of $75,000, exclusive of interest and costs." Dkt. # 2, Ex. 1. Plaintiffs objected that the request was "not proper discovery" and that plaintiffs did not have to respond to a request for admission regarding the amount of non-economic damages.

Defendants removed the case to federal court claiming that this Court has jurisdiction under 28 U.S.C. § 1332. Defendants state that complete diversity exists between the parties and plaintiffs have admitted the amount in controversy by failing to a respond to a request for admission in good faith. Plaintiffs have filed a motion to remand on the ground that removal may not be premised solely on their refusal to answer a request for admission, and that defendants should have filed a motion to compel in state court if they objected to plaintiffs' response to a discovery request.

**II.**

A federal court must ensure that the prerequisites for subject matter jurisdiction have been met before it may exercise jurisdiction over a case. "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The court must dismiss the case if at any stage of the proceedings it becomes apparent that subject matter jurisdiction does not exist. Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). When a case is originally brought in federal court by a plaintiff, it is presumed that the plaintiff can meet the amount in controversy; however, in a removed case, the burden is on the defendant to prove that plaintiff's claim satisfies the jurisdictional amount in controversy requirement. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001).

Any statute that grants a federal court subject matter jurisdiction is narrowly construed, especially removal statutes. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir.

2005). In cases "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Martin, 251 F.3d at 1290 (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). When a case is removed to federal court, the defendant bears the burden to prove that both elements of diversity jurisdiction have been satisfied. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1079 (10th Cir. 1999).

In Laughlin, the Tenth Circuit crafted an analysis to guide district courts when deciding whether a plaintiff is seeking more than $75,000 in a removed action:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin, 50 F.3d at 873 (citations omitted). Diversity of citizenship and the amount in controversy "must be affirmatively established on the face of either the petition or the removal notice." Id. The amount in controversy must be proven by a preponderance of the evidence. Martin, 251 F.3d at 1290. If the complaint does not establish the jurisdictional amount in controversy on its face, the removing defendant must set forth facts in the notice of removal showing that the amount in controversy exceeds $75,000. The defendant must have more than a good faith belief that the amount in controversy exceeds $75,000, but must affirmatively allege facts sufficient to prove that the requisite amount in controversy is at issue. The Tenth Circuit's opinion in Laughlin implies that the removing defendant must offer an economic analysis of plaintiff's claim for damages to prove the jurisdictional amount when it is not apparent from the allegations in the complaint. Barber v. Albertsons, Inc., 935 F. Supp. 1188, 1192 (N.D. Okla. 1995).

In this case, defendants removed the case to federal court based on plaintiffs' refusal to admit that the amount in controversy exceeds $75,000. Plaintiff's refusal to respond to a request for admission can not defeat removal, as long as the defendant can establish the jurisdictional amount in controversy by a preponderance of the evidence. Rubel v. Pfizer, Inc., 361 F.3d 1016, 1020 (7th Cir. 2004) ("Removal is proper if the defendant's estimate of the stakes is plausible; plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum"); Holmes v. Citifinancial Mortg. Co., Inc., 436 F. Supp. 2d 829, 831-32 (N.D. Miss. 2006) (plaintiff's refusal to provide a binding stipulation that he would not amend his complaint to seek more than $75,000 relevant to establish amount in controversy by preponderance of the evidence); Schwenk v. Cobra Mfg. Co., 322 F. Supp. 2d 676, 680 (E.D. Va. 2004) (plaintiff's refusal to stipulate to amount in controversy supports finding that federal court has subject matter jurisdiction).

Local rules of civil procedure require defendants to serve a discovery request upon plaintiffs, such as an interrogatory or request for admission, asking plaintiffs to state whether they seek more than $75,000 in damages. LCvR 81.3 (defendants must attach discovery responses from at least one plaintiff as to the amount in controversy). If there is evidence that plaintiff responds in bad faith to defendant's discovery request and this causes unnecessary pleadings to be filed, "such party may be subject to sanctions under applicable law for attorney fees and costs incurred in connection with such pleadings and/or proceedings." Id. There is no evidence to support defendants' allegations of bad faith by plaintiffs and the Court will not weigh the merits of plaintiffs' objection to the request for admission. However, defendant was not required to initiate proceedings in state court to contest

plaintiffs' objection to the request for admission before seeking removal,[2] as plaintiffs' equivocal response creates an inference that the jurisdictional amount in controversy is present. Wilbanks v. North American Coal Corp., 334 F. Supp. 2d 921, 925-26 (S.D. Miss. 2004). Plaintiffs' response, even if based on legitimate objections, would circumvent the removal procedure established by this Court and unnecessarily complicate determinations of subject matter jurisdiction following removal.

However, the law in this district is clear that a plaintiff's denial of a request for admission, standing alone, is not a sufficient basis for removal and defendant must establish the amount in controversy by a preponderance of the evidence. Barber, 935 F. Supp. 1188, 1191 (N.D. Okla. 1996) (plaintiff's refusal to respond to request for admission regarding amount in controversy insufficient to establish jurisdictional amount); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351, 353 (N.D. Okla. 1995) (plaintiff's response to request for admission that he could not ascertain if damages exceeded jurisdiction amount is insufficient to support removal under Laughlin). The amount in controversy must be apparent from the allegations of the complaint and the facts stated in the notice of removal. Laughlin, 50 F.3d at 873. Even if plaintiff has been unresponsive to discovery requests, the Court can not waive its responsibility to determine whether subject matter jurisdiction is present. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Huffman, 194 F.3d at 1079.

Based on the complaint and the notice of removal, the Court concludes that defendants have not met their burden to prove by a preponderance of the evidence that the jurisdictional amount in

---

[2] Plaintiffs' suggestion that defendants' remedy was to ask the state court to rule on plaintiffs' objection has no legal basis. This may have been helpful to the Court if the state court had ordered plaintiffs to clarify their response, but defendants may still seek removal if they can establish the jurisdictional amount by a preponderance of the evidence.

controversy is present. Although plaintiffs' actions create an inference that they may be seeking more than $75,000, defendants have not provided any economic analysis to overcome the presumption against removal jurisdiction. <u>Laughlin</u>, 50 F.3d at 873; <u>Martin v. Missouri Pacific R. Co.</u>, 932 F. Supp. 264, 265 (N.D. Okla. 1996). Defendants point to the allegations in plaintiffs' complaint that Blackburn has suffered a permanent injury and he alleges that he can expect to live at least 28.5 years. However, without any evidence of his earning potential, medical expenses, or the types of injuries he has suffered, the Court would be engaging in pure speculation if it determined that plaintiffs are seeking more than $75,000. Therefore, the Court finds that plaintiffs' motion to remand should be granted.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Remand and Brief in Support (Dkt. # 16) is **granted**. The Court hereby orders the Court Clerk to **remand** this case to the District Court in and for Tulsa County.

**DATED** this 20th day of September, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT